```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**CRAIG A. BRITTAIN,**

                      **Plaintiff,**

                                      CIVIL ACTION
    **vs.**                                             No. 03-3482-SAC

**SEDGWICK COUNTY DETENTION FACILITY, et al.,**

                      **Defendants.**

<u>ORDER</u>

Plaintiff proceeds pro se and in forma pauperis on a complaint filed under 42 U.S.C. 1983 while plaintiff was confined in the Sedgwick County Detention Facility in Wichita, Kansas.

Plaintiff seeks relief for the alleged disregard of for injuries sustained prior to his confinement. By an order dated January 9, 2004, the court found the complaint alleged only state torts of negligence and malpractice, and directed plaintiff to show cause why the complaint should not be dismissed as stating no cognizable constitutional claim for seeking relief under 42 U.S.C. 1983. Having reviewed the record which includes plaintiff's response,[1] the court finds the complaint should be dismissed for the following reasons.

---

[1] A response submitted and signed by Steven Wilkinson, another Sedgwick County prisoner, was returned and not docketed because Wilkinson was not a party in this action and was not authorized to file pleadings on plaintiff's behalf. Thereafter, a response drafted and signed by Wilkinson, attached to a cover letter purportedly signed by plaintiff, was received and docketed.

First, the record shows that court mail sent to plaintiff at the Sedgwick County facility in June 2005 was returned to the court as undelivered mail and with a notation that plaintiff was no longer at that facility. Rule 5.1(c) of the Rules of Practice and Procedure for the District of Kansas which requires that "[e]ach...party appearing pro se is under a continuing duty to notify the clerk in writing of any change of address or telephone number. Any notice mailed to the last address of record of an attorney or a party appearing pro se shall be sufficient notice." The complaint is dismissed for lack of prosecution based on plaintiff's noncompliance with this court rule.

Second, plaintiff's response to the show cause order continues to reflect only his disagreement with medical treatment being provided at the facility, rather than any cognizable constitutional claim of deliberate indifference to a serious medical need. *See e.g.* Johnson v. Stephan, 6 F.3d 691, 692 (10th Cir. 1993)(difference of opinion between prisoner and medical staff as to need for or adequacy of treatment does not "rise to the level of a constitutional violation").

And third, to the extent plaintiff's response to the show cause order clarifies that only injunctive relief is being requested in this action, such relief was rendered moot by plaintiff's release from the Sedgwick County facility. *See* Martin v. Sargent, 780 F.2d 1334 (8th Cir. 1985)(claim for injunctive relief moot if no longer subject to conditions). *See also*, Cox v. Phelps Dodge Corp., 43 F.3d 1345, 1348 (10th Cir.

1994)(declaratory relief subject to mootness doctrine).

IT IS THEREFORE ORDERED that the complaint is dismissed for lack of prosecution.

**IT IS SO ORDERED.**

DATED:  This 27th day of September 2005 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge